IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS M. DUBOSE,<br>    Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:05-CV-017-Y |
| | § | |
| COLE JETER, WARDEN,<br>Federal Medical Center-Fort Worth,<br>    Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

B. PARTIES

Petitioner Thomas M. Dubose, Reg. No. 06261-043, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth).

Respondent Cole Jeter is Warden of FMC-Fort Worth.

C. PROCEDURAL HISTORY

In the Southern District of Mississippi, Case No. 1:01-CR-071-WJG-3, Dubose was charged in a two-count indictment with conspiracy to manufacture methamphetamine and criminal forfeiture.

*See* PACER, U.S. Party/Case Index, Criminal Docket for Case # 1:01-CR-071-WJG-3. Pursuant to a plea agreement, Dubose pled guilty to both counts and was sentenced to a term of 262 months' incarceration. *See id.*, entries for October 9, 2001 & March 14, 2002. Dubose did not appeal the trial court's judgment or seek postconviction relief via 28 U.S.C. § 2255. (Petition at 2-3.) Dubose filed this federal petition under § 2241 in this division, where he is currently serving his sentence.

### D.  DISCUSSION

By the instant habeas corpus action, Dubose challenges his guilty plea and his 262-month sentence on the basis of the Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738, 756 (2004) (reaffirming holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). Specifically, Dubose asserts that he cannot read or write and that his constitutional rights were violated because he was never advised of his rights during the plea proceedings and the plea agreement was not read to him. (Petition at 30 & attached affidavits.) He further asserts that his 262-month sentence was unconstitutionally enhanced under the federal sentencing guidelines based on facts neither found by a jury nor admitted by him. (Petition at 5.)

The threshold question is whether his claims are properly raised in a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the

mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.

To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The § 2255 remedy is not inadequate or ineffective merely because a prisoner's § 2255 motion may be procedurally barred. *See Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Dubose's challenge to his guilty plea on the basis that he cannot read or write could have been asserted on appeal or in a timely § 2255 motion. A § 2241 petition is not a substitute for a motion under § 2255. *See Pack*, 243, F.3d at 452. Nor may Dubose challenge his sentence via § 2241 on the basis of the *Blakely/Booker* line of cases. Although the Supreme Court's decisions in *Blakely* and *Booker* were not decided until 2004 and 2005, respectively, Dubose cannot satisfy the first prong of the test. His claim does not implicate his conviction for a substantive criminal offense nor has the Supreme Court expressly declared *Blakely* or *Booker* to be retroactive to cases on

collateral review.[1,2] The fact that Dubose has never had an "un-obstructed procedural shot at getting his sentence vacated" under the *Blakely/ Booker* line of cases does not make the § 2255 remedy inadequate or ineffective. (Petition at 11, 26.) *See Jeffers*, 253 F.3d at 830.

Under these circumstances, Dubose is precluded from challenging his plea or the legality of his sentence under § 2241. Thus, the court is without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. ), *cert. denied*, 540 U.S. 1085 (2003).

## II. RECOMMENDATION

Because Dubose has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, it is recommended that the government's motion to dismiss be granted and that Dubose's petition be dismissed with prejudice for want of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

---

[1] *See Booker*, 125 S. Ct. at 769 (Op. by Breyer, J.) (expressly extending holding "to all cases on direct review"); *Schriro v. Summerlin*, 124 S. Ct. 2519, 2526 (2004) (holding *Ring v. Arizona*, 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review).

[2] The circuit courts to consider the issue have all concluded that *Booker* does not apply retroactively on collateral review. *See Guzman v. United States*, ___ F.3d ___, 2005 WL 803214, at *1-2 (2nd Cir. Apr. 8, 2005); *In re Olopade*, ___ F.3d ___, 2005 WL 820550, at *2-3 (3rd Cir. Apr. 11, 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005); *United States v. Price*, 400 F.3d 844, 846-49 (10th Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *In re Hinton*, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10, 2005) (not designated for publication). Although the Fifth Circuit has not addressed the issue, it has held that *Apprendi* does not apply retroactively to cases on collateral review and that an *Apprendi* claim does not satisfy the requirements for filing a habeas petition under the § 2255 savings clause. *See Wesson v. U.S. Penitentiary, Beaumont, Tx*, 305 F.3d 342, 347-48 (5th Cir. 2000), *cert. denied*, 537 U.S. 1241 (2003).

4

written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 13, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 13, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

    SIGNED April 22, 2005.

                                                    s/s Charles Bleil
                                        CHARLES BLEIL
                                        UNITED STATES MAGISTRATE JUDGE